Housley & Steidley, McAlester, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

**John Prentis ABEL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16821.**

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1972.

BUSSEY, Presiding Judge:

John Prentis Abel, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Washington County, to the offense of Obtaining Cash by Means of a False and Bogus Check; his punishment was fixed at four (4) years imprisonment on October 6, 1970. Thereafter, on the twelfth day of March, 1971, defendant filed his Application for Post-Conviction Relief and Evidentiary Hearing in the trial court which were denied on June 29, 1971, and from said denial of post-conviction relief a timely appeal has been perfected to this Court.

The briefs of the parties reflect that the defendant was originally charged with the offense of Obtaining Cash by Means of a

False and Bogus Check, After Former Conviction of a Felony. Thereafter, on the seventeenth day of September, 1970, defendant's mother signed a petition asking that the defendant be admitted to some hospital for the care and treatment of mentally ill persons. While committed to the County Jail of Washington County by authority of the Detention Order, the defendant swallowed a razor blade. Thereafter, on September 23, 1970, the District Attorney of Washington County filed an application for commitment, alleging in part that:

" . . . the said John Prentis Abel did swallow a razor blade, necessitating his being removed from the said County Jail and placed in the Memorial Building of the Jane Phillips Episcopal-Memorial Medical Center; That as a result of the action taken by his family and the behavior demonstrated while incarcerated in the County Jail of Washington County, Oklahoma, some real question has arisen in the minds of the Sheriff of Washington County, and myself as to his mental competency to stand trial and we, therefore, make this application to the Court to recommend said Defendant, John Prentis Abel, to Eastern State Hospital at Vinita, Oklahoma, for the purpose of observation, for a period not to exceed ninety (90) days, for the reason that we feel there is a question as to the Defendant's present sanity."

The defendant was committed to Eastern State Hospital for mental observation on the same day. Thereafter, on or about the twenty-fourth or twenty-fifth day of September, 1970, the defendant walked off from the hospital and returned to Bartlesville, where he subsequently surrendered to the Sheriff of Washington County. There is nothing in the Record before this Court to reflect that the doctors of Eastern State Hospital made any report to the court concerning defendant's mental competency.

On September 30, 1970, defendant waived his rights to counsel and entered a plea of guilty to the offense charged. Judgment and sentence was set for November 4, 1970, and the defendant was released without bond. Thereafter, on October 6, 1970, defendant again appeared in court, waived counsel, and withdrew his plea of guilty to the Offense of Obtaining Cash by Means of a False and Bogus Check, After Former Conviction of a Felony. The State thereupon moved to strike the "After Former Conviction" portion of the Information and the defendant entered a plea of guilty to Obtaining Cash by Means of a False and Bogus Check and was sentenced to four (4) years imprisonment.

Defendant asserts several propositions of error, only one of which we deem necessary to discuss in this opinion. Title 22, § 1172, provides as follows:

"In the event the District Court determines there is a doubt as to the present sanity of the individual, he shall be ordered committed to a State Hospital and proceedings against such individual shall be further suspended pending the report of the doctors of said hospital."

We are of the opinion that the trial court was without authority to accept defendant's plea of guilty at such time as the proceedings against the defendant were suspended pending the receipt of the report of the doctors of the Eastern State Hospital. The Judgment and Sentence is accordingly reversed and remanded with instruction that the defendant should be either recommitted to the Eastern State Hospital for observation or examined by a qualified doctor in the County Jail of Washington County and upon receipt of the doctor's report the order of the District Court suspending proceedings shall be dissolved.

Reversed and remanded.

BRETT, and SIMMS, JJ., concur.